

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NATKAI AKBAR, individually, and
on behalf of others similarly situated,

Plaintiff,

v.   Civil Action No. 1:11cv1195 CMH/TCB

LAW OFFICES OF SHAPIRO & BURSON, LLP,

Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, NATKAI AKBAR, by counsel, individually, and on her own behalf and behalf of all others similarly situated, for her complaint against the Defendant she alleges as follows:

### INTRODUCTION

1. This is an action seeking damages arising from Defendant's unlawful attempts to collect a delinquent home mortgage debt alleged owed by Ms. Akbar and to foreclose on the subject Deed of Trust. Ms. Akbar alleges that Defendant, a debt collection law firm, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") by, among other things, failing to inform Ms. Akbar of the name of the creditor to whom the debt was owed and by making false statements in connection with the debt in violation of 15 U.S.C. §1692e and g(a)(2).

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3. Plaintiff Natkai Akbar ("Ms. Akbar") is a natural person who resides in Virginia. Ms. Akbar is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Law Offices of Shapiro & Burson, LLP ("Shapiro & Burson") is a law firm with offices in Fairfax and Virginia Beach, the principal purpose of whose businesses is the collection of debts, and is located at 236 Clearfield Avenue, Suite 215, Virginia Beach, Virginia 23462.

5. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendant moreover uses one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

6. In 2004, Ms. Akbar purchased her home for $285,000.00. In order to finance her mortgage, Ms. Akbar took out a promissory note ("Note") for $215,000.00. The Note was secured by a Deed of Trust recorded in the Clerk's Office of Circuit Court of Prince William County, Virginia.

7. Ms. Akbar's loan was serviced by America's Servicing Company ("ASC"). As a servicer ASC acted on behalf of the owner of the loan to conduct certain customary serving functions, such as to collect and record payments, communicate with the homeowner, and assess late fees.

8. Ms. Akbar regularly made her payments to ASC until she began to experience financial difficulties due to the declining economy.

9. In late 2009, Ms. Akbar contacted her mortgage servicer, ASC, in an effort to pursue loss mitigation options.

### *Shapiro & Burson is a Debt Collector*

10. Defendant Shapiro & Burson is a law firm whose practice is focused on the collection of debts.

11. Defendant regularly collects home loan debts.

12. Defendant regularly demands payment from consumers of claimed arrearages and provides to consumers reinstatement quotes and itemizations of amounts that Defendant is attempting to collect.

13. Defendant regularly tells consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. § 1692e(11), requires that debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt" ("the § 1692e(11) disclosure").

14. Defendant regularly attempts to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

### *Shapiro & Burson Fails to Identify the Creditor*

15. Defendant sent Ms. Akbar a November 5, 2010 dunning letter,[1] which stated that the Defendant had been instructed to initiate foreclosure proceedings on Akbar's home. A copy of the November 5, 2010 correspondence is attached hereto as EXHIBIT A.

---

[1] A "dunning letter" is a letter demanding payment of a debt--*i.e.*, a collection notice. *Bicking v. Law Offices of Rubenstein and Cogan*, ___ F. Supp. 2d at ___, 2011 WL 1740156, 2011 U.S. Dist. Lexis 48623 *2, n. 1 (E.D. Va. 2011).

3

16. The debt, a home loan, was incurred primarily for personal, family, or household purposes, within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

17. At the time of this initial communication, Ms. Akbar was in default on her mortgage loan.

18. The subject line of the correspondence states that the Holder is \*\*\*CASE HOLDER PLAINTIFF NAME \*\*\*.

19. The November 5, 2010 correspondence stated the following information was provided as required by the Federal Fair Debt Collections Practices Act:

> NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
> 15 U.S.C. Section 1692, *et. seq.*
>
> .... The following information is provided to you as required by the Federal Fair Debt Collections Practices Act:
>
> 1. As of November 5, 2010, our client has advised us that the amount of the debt is $230,382.01.
>
> 2. The creditor to whom the debt is owed is \*\*\*CASE HOLDER PLAINTIFF NAME \*\*\*.
>
> 3. The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, our client \*\*\*CASE HOLDER PLAINTIFF NAME \*\*\*. If you choose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us within thirty (30) days of the date you receive this letter. Unless you dispute the validity of the debt within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by this firm.
>
> 4. If you notify us within thirty (30) days of the date you receive this letter that you are disputing the debt, or any portion thereof, or if you notify us within thirty (30) days of the date you receive this letter that you want to know the name of the original creditor if that creditor is different from, our client, \*\*\*CASE HOLDER PLAINTIFF NAME \*\*\*, then we will obtain

and mail to you verification of the debt and/or the name and address of the original creditor.

5. The Fair Debt Collection Practices Act does not require that we wait until thirty (30) days from the date that you receive this letter before we initiate foreclosure proceedings to foreclose on your mortgage. In the event we do initiate foreclosure proceedings to foreclose on your mortgage, within thirty (30) days from the date you receive this letter, you still retain the right to dispute the debt, or any portion thereof, and you also retain the right to request the name of the original creditor if the original creditor is different from the current creditor, <u>***CASE HOLDER PLAINTIFF NAME ***</u>.

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, *if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.*

For further information, call (757) 687-8777. (Emphasis added)
Any requests should be addressed to:

Fair Debt Attorney
Shapiro & Burson, LLP
(757) 687-8777

20. The text of the notice requirement set forth in the FDCPA, at 15 U.S.C. § 1692g, reads as follows:

*Notice of debt; contents*
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
    (1)    the amount of the debt;
    (2)    the name of the creditor to whom the debt is owed;
    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. The notice by which the Defendant purports to make the required disclosures is defective because it fails to identify the creditor to whom the debt is owed as required by 15 U.S.C. § 1692g(a)(2). See, e.g., *Sparkman v. Zwicker & Associates, P.C.*, 374 F.Supp. 293, 3001-01 (E.D.N.Y. 2005).

### *Shapiro & Burson Falsely Identifies Their Client as "Plaintiff"*

22. In addition to this defect, the notice falsely implies that the Defendant's client is a "Plaintiff" in a lawsuit.

23. In Virginia, foreclosure sales are non judicial. The Virginia Code does not contemplate or permit the initiation of litigation to foreclose on a property, and there is no court case, plaintiff or defendant.

24. The use of the word "Plaintiff" falsely implies that the defendant intended to initiate litigation against the class members unless the consumer paid off the mortgage loan.

### Count I: Violations of the FDCPA, 15 U.S.C. § 1692g(2)
### CLASS CLAIM

25. Ms. Akbar repeats and re-alleges every allegation above as if set forth herein in full.

26. **The FDCPA Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Ms. Akbar brings this action for herself and on behalf of a class (the "Class") initially defined as follows:

> All natural persons (a.) who were sent a letter from the Defendant on or after November 2, 2010 in a form substantially similar to 'Exhibit A' (b.) in which the letter failed to identify the creditor to whom the debt was owed (c.) with regard to

a mortgage loan (d.) secured by a property located in the Commonwealth of Virginia.

Excluded from the class definition are any employees, officers, directors of Shapiro & Burson, LLP or any subsidiary or related company, any attorney appearing in this case, and any judge assigned to hear this action.

27. **Numerosity. Fed. R. Civ. P. 23(a)(1).** Ms. Akbar does not know the exact size or identities of the members of the proposed class, since such information is in the exclusive control of Defendant. However, on information and belief, Ms. Akbar alleges that they encompass many Virginians whose identities can be readily ascertained from Defendant's books and records. Therefore, the proposed class are so numerous that joinder of all members is impracticable.

28. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. All members have been subject to and affected by the same conduct. These common legal and factual questions include, among other things and without limitation:

    a. Whether Shapiro & Burson, LLP is a debt collector;

    b. Whether the Defendant's dunning notices identified the creditor to whom the debt was owed;

    c. Whether Defendant's failure to identify the creditor to whom the debt was owed constituted a violation of the FDCPA; and

d. Whether the Court can order Defendant to pay damages and what the proper measure of damages is.

29. **Typicality. Fed. R. Civ. P. 23(a)(3)).** Ms. Akbar's claims are typical of the claims of each Class member for the reasons alleged in the previous paragraph and in that Ms. Akbar and the other members were subject to the same conduct, received a substantially similar dunning notice and were not told the identity of the creditor to whom their debt was owed. In addition, Ms. Akbar is entitled to relief under the same causes of action as the other members of the Class.

30. **Adequacy.** Ms. Akbar is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Fed. R. Civ. P. 23(a)(4). Ms. Akbar and her Counsel will fairly and adequately protect the interests of class members.

31. **Superiority.** As alleged previously, there are significant questions of law and fact common to the Class members. These predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). The claims in this case and the circumstances of class members are such that individual prosecution would be extremely unlikely and would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. Even if the members themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or

contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

32. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief. Fed. R. Civ. P. 23(b)(2).

33. Because Defendant failed to disclose to Ms. Akbar and the Class members the name of the creditor to whom the debt was owed, Defendant violated 15 U.S.C. § 1692g(a)(2).

34. As a result, Ms. Akbar and the putative class are entitled to recover statutory damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### Count II: Violations of the FDCPA, 15 U.S.C. § 1692e
### CLASS CLAIM

35. Ms. Akbar repeats and re-alleges every allegation above as if set forth herein in full.

36. **The FDCPA Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Ms. Akbar brings this action for herself and on behalf of a class (the "Class") initially defined as follows:

> 37. All natural persons (a.) who were sent a letter on or after November 2, 2010 from the Defendant in a form substantially similar to Exhibit A (b.) that contained the word "Plaintiff" (c.) with regard to a mortgage loan (d.) secured by a property located in the Commonwealth of Virginia.

9

Excluded from the class definition are any employees, officers, directors of Shapiro & Burson, LLP or any subsidiary or related company, any attorney appearing in this case, and any judge assigned to hear this action.

38. **Numerosity. Fed. R. Civ. P. 23(a)(1).** Ms. Akbar does not know the exact size or identities of the members of the proposed class, since such information is in the exclusive control of Defendant. However, on information and belief, Ms. Akbar alleges that they encompass many hundreds of individuals whose identities can be readily ascertained from Defendant's books and records. Therefore, the proposed class are so numerous that joinder of all members is impracticable.

39. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. All members have been subject to and affected by the same conduct. These common legal and factual questions include, among other things and without limitation:

    a. Whether Shapiro & Burson, LLP is a debt collector;

    b. Whether the Defendant falsely implied in communications with the Class that the defendant would initiate litigation against them;

    c. Whether these facts constitute a violation of the FDCPA; and

    d. Whether the Court can order Defendant to pay damages, and what the proper measure of damages is.

40. **Typicality. Fed. R. Civ. P. 23(a)(3)).** Ms. Akbar's claims are typical of the claims of each Class member for the reasons alleged in the previous paragraph and in that Ms. Akbar and the other members were subject to the same conduct, received a substantially similar

correspondence that represented that the defendant intended to initiate litigation against them. In addition, Ms. Akbar is entitled to relief under the same causes of action as the other members of the Class.

41. **Adequacy.** Ms. Akbar is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Fed. R. Civ. P. 23(a)(4). Ms. Akbar and her Counsel will fairly and adequately protect the interests of class members.

42. **Superiority.** As alleged previously, there are significant questions of law and fact common to the Class members. These predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). The claims in this case and the circumstances of class members are such that individual prosecution would be extremely unlikely and would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. Even if the members themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

43. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief. Fed. R. Civ. P. 23(b)(2).

44. The Defendant falsely implied that it was taking some sort of court action, against Ms. Akbar and the Class members, therefore the Defendant violated 15 U.S.C. § 1692e(a)(2).

45. As a result, Ms. Akbar and the putative class are entitled to recover statutory damages, reasonable attorney's fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1. Certify the FDCPA claims in this case as a class action and appoint Ms. Akbar to be a class representative and her counsel to be a class counsel;

2. Award statutory damages as pled;

3. Award Ms. Akbar and her counsel reasonable attorney's fees and the costs of this action;

4. Grant Ms. Akbar and the Class such other and further relief as this Court finds necessary and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,
Natkai Akbar
By Counsel

_/s/ KCKelly_
By: Kristi C. Kelly, Esq., VSB #72791

Scott A. Surovell, Esq., VSB # 40278
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com
ssurovell@siplfirm.com

Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB # 40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 Facsimile
lenbennett@clalegal.com
srotkis@clalegal.com

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile
matt@clalegal.com

Counsel for Plaintiff