**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **NATKAI AKBAR**, | * |
| | * |
| Plaintiff, | * |
| v. | * Civil Action No: 1:11-cv-1195 |
| | * |
| **LAW OFFICES OF** | * |
| **SHAPIRO & BURSON, LLP** | * |
| | * |
| Defendants. | * |

**S&B'S ANSWER TO COMPLAINT**

Defendant Shapiro & Burson, LLP ("S&B") hereby answers the Complaint filed by Plaintiff Natkai Akbar, as follows:

1. The allegations of paragraph 1 constitute a legal opinion, and no response is required.

2. The allegations of paragraph 2 constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

3. S&B has insufficient information to admit or deny the allegations of paragraph 3, and therefore denies same.

4. S&B admits only that it is a law firm with offices in Fairfax and Virginia Beach, the Virginia Beach office having an address of 236 Clearfield Avenue, Suite 215, Virginia Beach, Virginia 23462. As to the remaining allegations, such allegations constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

5. S&B admits only that pursuant to Virginia law, it sends notices to the borrower (and borrower's counsel) as required by state law through the mail in connection with the requirements for non-judicial foreclosure sale. As to the remaining allegations, such allegations

constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

6. The allegations of paragraph 6 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied.

7. As to paragraph 7, S&B admits that ASC business includes loan servicing functions, and performed such functions in connection with Plaintiff's loan. The balance of the allegations constitutes a legal opinion, and no response is required.

8. S&B has insufficient information to admit or deny the allegations of paragraph 8, and therefore denies same.

9. S&B has insufficient information to admit or deny the allegations of paragraph 9, and therefore denies same.

10. S&B admits only that it is a law firm. As to the remaining allegations, such allegations constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

11. The allegations of paragraph 11 constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

12. As to the allegations of paragraph 12, S&B admits only that pursuant to Virginia law, it sends notices to the borrower (and borrower's counsel) as required by state law through the mail in connection with the requirements for non-judicial foreclosure sale, and provides reinstatement figures to borrowers. As to balance of the allegations, such allegations constitute a legal opinion, and no response is required. If a response is required, the allegations are

denied.

13. The allegations of paragraph 13 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required.

14. The allegations of paragraph 14 constitute a legal opinion or statement of law, and no response is required. S&B admits only that if a borrower requests verification of a debt, it will provide such verification, as appropriate.

15. The allegations of paragraph 15 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied. S&B admits only that it sent Exhibit A (minus the handwritten text) to Plaintiff.

16. The allegations of paragraph 16 constitute legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied. S&B has insufficient information to admit or deny the balance of the allegations of the paragraph and they are therefore denied.

17. In response to the allegations set forth in paragraph 17, S&B states that on November 5, 2010, Plaintiff was in default of her payment obligations under her loan. As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required. To the extent the allegations are contrary to the law, they are denied.

18. The allegations of paragraph 18 references a document, which speaks for itself.

To the extent that the allegations mischaracterize the document or misstate its content, they are denied.

19. The allegations of paragraph 19 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied.

20. The allegations of paragraph 20 constitute a legal opinion or statement of law, and no response is required. To the extent the allegations misstate or are contrary to the law, they are denied.

21. The allegations of paragraph 21 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. To the extent the allegations are contrary to the law, they are denied.

22. The allegations of paragraph 22 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

23. The allegations of paragraph 23 constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

24. The allegations of paragraph 24 constitute a legal opinion or statement of law,

and no response is required. If a response is required, the allegations are denied.

25. The allegations of paragraph 25 do not require a response. To the extent that a response is required, S&B incorporates by reference its response to each of the referenced allegations.

26. S&B denies the allegations set forth in paragraph 26.

27. S&B denies the allegations set forth in paragraph 27.

28. S&B denies the allegations set forth in paragraph 28.

29. S&B denies the allegations set forth in paragraph 29.

30. S&B denies the allegations set forth in paragraph 30.

31. S&B denies the allegations set forth in paragraph 31.

32. S&B denies the allegations set forth in paragraph 32.

33. The allegations of paragraph 33 references a document, which speaks for itself. To the extent that the allegations mischaracterize the document or misstate its content, they are denied. As to the remaining allegations, such allegations constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

34. The allegations of paragraph 34 constitute a legal opinion or statement of law, and no response is required. If a response is required, the allegations are denied.

35. The allegations of paragraph 35 do not require a response. To the extent that a response is required, S&B incorporates by reference its response to each of the referenced allegations.

36. S&B denies the allegations set forth in paragraph 36.

37. S&B denies the allegations set forth in paragraph 37.

38. S&B denies the allegations set forth in paragraph 38.

39. S&B denies the allegations set forth in paragraph 39.

40. S&B denies the allegations set forth in paragraph 40.

41. The allegations of paragraph 41 constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

42. S&B denies the allegations set forth in paragraph 42.

43. S&B denies the allegations set forth in paragraph 43.

44. S&B denies the allegations set forth in paragraph 44.

45. S&B denies the allegations set forth in paragraph 45.

46. All allegations that are not expressly admitted are hereby denied, and as to all allegations denied, strict proof is hereby demanded.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action for which relief may be granted as a matter of law.

2. Plaintiff's claims, on information and belief, are barred under the doctrine of accord and satisfaction in connection, and/or release, including accord and/or release under Plaintiff's forbearance agreement under the loan.

3. S&B's only role involves representing lenders and/or the substitute trustee in connection with the enforcement of deeds of trust, and related litigation with respect to such security interests, and therefore is excluded from the definition of "debt collector."

4. Plaintiffs' claims are barred by waiver, laches, and/or estoppel.

5. S&B avers that the Complaint fails to adequately define any class of persons

who could properly prosecute this action as a class action; fails to allege any claim that can be prosecuted as a class action; otherwise fails to satisfy the requirements of Fed. R. Civ. P. 23; and cannot, therefore, properly proceed as a "class action."

6. S&B avers that some or all of the claims made in the Complaint are barred because Plaintiff and/or members of the purported class lack standing.

7. Plaintiff's individual and class claims may be barred in whole or in part by the applicable statute(s) of limitation and/or the doctrine of laches.

8. Any violation of any federal or state statute or common law duty by S&B, if any, was unintentional or the result of a bona-fide error notwithstanding the maintenance of policies and procedures reasonably adapted to avoid such error.

9. Plaintiff's individual and class claims are barred because S&B has not made false representations, knowingly or otherwise, to Plaintiff or any purported class member.

10. S&B avers that at all times its conduct was neither willful, wanton, or reckless, and at all times S&B acted innocently, in good faith, and without malice or intent to injure Plaintiff or any purported class member.

11. S&B avers that the availability of statutory damages, if any, are limited to a single recovery under 15 U.S.C. §1692k(a) for the entire proceeding, not per alleged violation.

12. S&B reserves the right to assert any additional or other defenses that may become available, through discovery or at the trial of this matter.

WHEREFORE, having fully answered, S&B respectfully requests that the Complaint be dismissed as to it, that it be awarded its fees in the action, and for such other relief as may be just and proper.

Respectfully Submitted,

**SHAPIRO & BURSON, LLP**
By Counsel


By: /s/ Bizhan Beiramee
Bizhan Beiramee, Esquire (VSB # 50918)
Bizhan Beiramee, Esquire, P.C.
6663 B Old Dominion Drive,
Third Floor
McLean, Virginia 22101
Phone: (703) 483-9600
Fax: (703) 483-9599
Email: bbeiramee@beiramee.com
*Counsel for the Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2011, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to the following:

> Matthew J. Erausquin, Esq.
> Leonard A. Bennett, Esq.
> Susan M. Rotkis, Esq.
> CONSUMER LITIGATION ASSOCIATES P.C
> 1800 Diagonal Road, Suite 600
> Alexandria, VA 22314
> Phone: (703) 273-7770; Fax: (888) 892-3512
> matt@clalegal.com
> lenbennett@clalegal.com
> srotkis@clalegal.com
> Counsel for the Plaintiffs
>
> Dale W. Pittman, Esq.
> THE LAW OFFICE OF DALE W. PITTMAN, P.C.,
> The Eliza Spotswood House
> 112-A West Tabb Street
> Petersburg, VA 23803
> Tel: (804) 861-6000; Fax: (804) 861-3368
> dale@pittmanlawoffice.com
> Counsel for the Plaintiffs
>
> Kristi C. Kelley, Esq.
> Scott A. Surovell, Esq.
> SUROVELL, ISSACS, PETERSEN & LEVY, PLC
> 4010 University Drive, Suite 200
> Fairfax, VA 22030
> Tel: (703) 277-9774; Fax: (703) 591-9285
> kkelly@siplfirm.com
> Counsel for the Plaintiffs

     By: /s/ Bizhan Beiramee_____
         Bizhan Beiramee

4825-4592-1550, v. 1