**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| NATKAI AKBAR, *individually, and* | ) | |
| *on behalf of all others similarly situated,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:11cv1195 |
| | ) | |
| LAW OFFICES OF SHAPIRO & BURSON, LLP | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
MOTION TO TRANSFER VENUE AND TO CONSOLIDATE**

COMES NOW the Plaintiff, Natkai Akbar, by counsel, on behalf of herself and all others similarly situated, for her Memorandum in Support of Her Motion to Transfer Venue to the Newport News Division of the Eastern District of Virginia and to Consolidate this case with *Moore, et al. v. Shapiro & Burson, LLP*, Civil No. 4:11-cv-122 (E.D. Va. 2011) (hereafter "*Moore*"), she states as follows:

**BACKGROUND OF SHAPIRO & BURSON, LLP**

Shapiro & Burson, LLP (hereafter "Shapiro & Burson") has been the subject of multiple lawsuits alleging that it systematically engages in fraud during its foreclosure proceedings, and has been the subject of investigation by a state's attorney's office in at least one county. The State's Attorney's Office for Prince George's County, Maryland began an investigation into the foreclosure practices of Shapiro & Burson in March 2011 after a former employee of the firm filed a complaint alleging a robo-signing operation in which he, other paralegals, and attorneys were instructed to sign another person's name on thousands of foreclosure documents. *See* Jamie Smith Hopkins, *More Foreclosure Irregularities Alleged in Maryland*, BALTIMORE SUN, Mar. 8,

2011, http://articles.baltimoresun.com/2011-03-08/business/bs-bz-foreclosure-complaints20110307_1_foreclosure-irregularities-foreclosure-processes-deeds. Shortly after the complaint was filed in Prince George's County, Freddie Mac removed Shapiro & Burson from its list of designated counsel for Maryland and suspended it from taking any new Virginia foreclosure cases for Freddie Mac mortgage servicers.

Plaintiff's counsel has filed several cases against Shapiro & Burson alleging violations of 15 U.S.C. § 1692, *et seq*. (the Fair Debt Collection Practices Act or "FDCPA") on behalf of numerous consumers who have faced Defendant's unlawful foreclosure and debt collection practices.  The first such case was *Moore*.  This case, set before Judge Arenda Wright Allen and referred to Magistrate Judge Tommy E. Miller, brings several claims against Shapiro & Burson under the FDCPA for knowingly making false statements and representations in connection with the collection of a debt, failing to provide the proper notices required by the FDCPA, and for threatening to take nonjudicial action to effect a dispossession of the property when there was no present right to possession of the property.

After *Moore*, Plaintiff's counsel filed *Andrade, et al. v. Shapiro & Burson, LLP, et al.*, Civil No. 2:11cv523 (E.D. Va. 2011) (hereafter "*Andrade*"), joining similar claims of ten consumers who also faced foreclosure proceedings by Shapiro & Burson and its affiliated company that claimed to be the substitute trustee, Professional Foreclosure Corporation of Virginia.  The claims and issues in *Andrade* are nearly identical to those in the *Moore* case, with the exception of the ancillary state law claims that the Plaintiffs have consented to voluntarily dismiss in an effort to simplify consolidation of the cases. In addition to *Andrade* and *Moore*, Plaintiff's counsel filed *Waters-Levy v. Law Offices of Shapiro & Burson, LLP*, Civil No. 1:11cv1192 (E.D. Va. 2011), also arising under the FDCPA, and alleging virtually the same facts

and issues that are presented in both *Moore* and *Andrade*. In fact, Plaintiffs in both *Andrade* and

*Waters-Levy* recently filed a motion to transfer to the Newport News Division and consolidate

the cases with *Moore* as well. Furthermore, the Defendant has already consented to the transfer

and consolidation of *Waters-Levy* with *Moore*.

Finally, counsel for the Plaintiff and the putative class recently brought the present case

alleging the same general fact pattern as the previous cases, including the same § 1692g claim as

*Moore* and *Waters-Levy*. The underlying facts and governing law presented in this present case

remain substantially the same as *Moore*.

This District now has four separate actions pending before it, brought on behalf of

individuals who were targeted by the Defendant in foreclosure proceedings throughout the

Commonwealth of Virginia. In attempting to collect these debts, the Defendant systematically

and intentionally violated the FDCPA.  These cases have substantial factual and legal overlap,

and thus the instant case should be transferred to the Newport News Division and consolidated

with the first-filed *Moore* case into a single action.  This would promote the interests of judicial

economy, the management of this Court's docket, and create efficiencies in progressing to a

global determination of the issues involved.

## ARGUMENT

**A.     This case should be transferred to the Newport News Division of the Eastern
District of Virginia.**

Transfer of venue for judicial economy is contemplated by Section 1404, which provides

that, upon motion by a party, a court may, in its discretion, and "[f]or the convenience of parties

and witnesses, in the interest of justice, [...] transfer any civil action to any other district or

division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is "to

prevent the waste of time, energy, and money" and "to protect litigants, witnesses, and the public

against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). When considering a motion to transfer venue, the court must determine 1) whether the suit could have originally been brought in the forum to which transfer is sought, and 2) whether the balance of convenience to the parties and consideration of the interest of justice justify transfer to that forum. *See Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.*, 387 F. Supp. 2d 564, 566 (E.D. Va. 2005). The decision to transfer an action under this statute is committed to the sound discretion of the district court. *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010). *See also One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F.Supp.2d 824, 828 (E.D.Va.2004). In order to establish that an action could have been brought in the transferee forum, the party seeking transfer must show that both venue and personal jurisdiction is proper in that district. *See e.g., L.G. Elecs. Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 812 (E.D. Va. 2001).

> *1.        This case may be transferred to the Newport News Division because both venue and personal jurisdiction are proper.*

The Local Rules of this District provide that "[t]he venue rules stated in 28 U.S.C. § 1391, *et seq.* also shall apply to determine the proper division in which an action shall be filed. For the purpose of determining the proper division in which to lay venue, the venue rules stated in 28 U.S.C. § 1391 *et seq.* shall be construed as if the terms 'judicial district' and 'district' were replaced with the term 'division.'" Local Rule 3(C).  Pursuant to 28 U.S.C. § 1391(b)(1), a federal civil action may be brought in a judicial district where any defendant resides, if all defendant reside in the same state.  Additionally, under 28 U.S.C. § 1391(c), "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced," and that personal jurisdiction is not tied to the location of a corporation's home office. *See, e.g., Helicopteros Nacionales de Colombia v. Hall,* 466 U.S.

408, 414–15, (1984) (requiring continuous and systematic contacts, not physical plant, for general personal jurisdiction over corporations); *Byerson v. Equifax Info. Services, LLC*, 467 F. Supp. 2d 627, 632 (E.D. Va. 2006).

Personal jurisdiction may be exercised over a defendant who has established continuous and systematic contacts with the forum. Venue is clearly proper in the Newport News Division. The Defendant is deemed to reside there because they are subject to personal jurisdiction in that district. Personal jurisdiction over the Defendant exists because it regularly conducts business in the Newport News Division by pursuing foreclosure actions against consumers living within the counties of the Newport News Division. This activity establishes the minimum contacts necessary to give the Court personal jurisdiction. *See Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310 (1945) ("'Presence'. . . has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on . . . ."). Therefore, this case could have originally been brought in the Newport News Division and transfer is proper.

   2.     *Transferring the case to the Newport News Division would be more convenient for both parties as well as for the witnesses.*

Convenience to the parties typically requires courts to consider factors such as the "ease of access to sources of proof, the costs of obtaining witnesses, and the availability of compulsory process." *Heinz,* 750 F. Supp. 2d at 668 (internal citations omitted). The convenience of the witnesses is "perhaps the most important factor" in determining whether a transfer of venue should be granted. *Cronos Containers Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000). Under this standard, transferring this case to the Newport News Division would be much more convenient to all parties involved in these cases, especially as to the witnesses. There is already litigation occurring in the Newport News Division that involves substantially

the same subject matter, evidence, and witnesses. It is a burden on witnesses to travel, procure time off of work, and attend depositions, trial, or any other event that would require their attendance. However, it is a much heavier burden to be required to do that more than once when duplicity could easily be avoided at no extra burden to the parties themselves. In fact, the cost imposed upon both the witnesses and the parties is actually reduced if this case is consolidated into the *Moore* case. Additionally, the same concept applies to the Defendant. It is much more convenient to defend one case rather than two separate cases. The Defendant maintains an office location in Virginia Beach, which is less than one hour from the Newport News Division and by consolidating this case with *Moore*, it eases some of the burden associated with defending two separate cases in different locations – not to mention the *Andrade* and *Waters-Levy* cases for which transfer and consolidation is also sought. Furthermore, the parties are already litigating a nearly identical case (*Moore)* within the Newport News Division, which the Defendant has never alleged to be an inconvenient venue. Indeed, they have litigated the *Moore* matter for nearly seven months in that Division without ever alleging that it was an inconvenient forum. Defendant also regularly engages in collection activities throughout the Newport News Division, and therefore much of the evidence related to this case is located in the Newport News Division. As a result, transferring this case and consolidating it with the *Moore* case is more convenient to all involved, and doing so would prejudice neither party.

> ***3.        Transferring the case to the Newport News Division is in the interests of justice.***

A significant factor in considering the interests of justice is "avoiding duplicative litigation in courts," and the Court "may appropriately consider the 'conservation of judicial resources and comprehensive disposition of litigation.'" *Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000). In fact, the Supreme Court has held that

where there are substantially similar actions pending simultaneously in different federal courts, the general principle is to avoid duplicative litigation as between the courts. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). The Supreme Court has repeatedly stressed this importance of judicial conservation. *See e.g., id.* ("These principles rest on considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). Thus, in ruling on a motion to transfer venue, the Court may consider such conservation of judicial resources and the potential to avoid duplicative litigation. *See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. at 183; *Cronos Containers, Ltd.*, 121 F. Supp. 2d at 466.

The interest of justice further requires a consideration of public interest factors aimed at systemic integrity and fairness. *Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 2d 685, 695 (E.D. Va. 2007) (internal quotation omitted). Systemic integrity requires judicial economy and the avoidance of inconsistent judgments. *Id.* In evaluating the fairness of transferring venues, courts should consider "docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Id.* In addition, the Court should exercise its power to transfer a case in order to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Original Creatine*, 387 F. Supp. 2d at 566.

Because this case involves substantially the same facts and issues presented in the *Moore* case, it becomes duplicative to litigate these cases in two different federal jurisdictions. Systemic Integrity requires that the instant case be transferred to the Newport News Division, where there

7

is a virtually identical case, *Moore*, pending before it. In fact, both complaints contain the same §1692g claim. By transferring this case to the Newport News division, the same governing laws will apply to both this one and the substantially related *Moore* case. Additionally, the Newport News Division Court has already invested significant time into *Moore* and is familiar with the facts and claims at the heart of both cases. Continuing to litigate the two cases in different courts before different judges will run the risk of inconsistent adjudication.

Additionally, transferring the instant case to the Newport News Division would be a substantial relief to both parties and the court system as a whole. Once the case is transferred to the Newport News Division, it can be consolidated with the *Moore* case and would greatly reduce docket congestion and the burden of jury duty in this district. Furthermore, a transfer would save the court time, energy and money, as well as reduce both parties' expenses in litigation. These time and resource considerations are especially important in a District that prides itself on its efficient "Rocket Docket." Systemic integrity and fairness therefore necessitate a transfer of the instant case to the Newport News Division.

**B.      This case should be consolidated with the *Moore* case.**

Fed. R. Civ. P. 42(a)(2) provides that a court may order consolidation of cases where they involve a common question of law or fact. In addition to consolidation, it is within the court's discretion to join for a hearing or trial any or all the matters at issue or to issue any other order to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a)(1)&(3). The court has "broad discretion" with regard to cases pending in the same District and should make this determination while weighing the efficiencies created by consolidation against any inconvenience, delay, or expense that might result. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Construction Co.*, 559 F.2d 928, 933 (4th Cir. 1977); *Stein, Hall & Co. v. Scindia Steam Navigation Co.*, 264 F. Supp. 499,

501 (S.D.N.Y. 1967); *see generally,* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 2383 at 439. Specifically, when considering a motion to consolidate, the Court should weigh the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single trial versus multiple-trial alternatives against the specific risks of prejudice and possible confusion which might result from consolidation. *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).

In this case, all of the equities weigh in favor of consolidation.  The two cases are brought on substantially similar fact patterns. Both complaints allege that the Defendant made similar, if not the same, misrepresentations in attempting to foreclose on the Plaintiffs' homes in violation of the FDCPA. Furthermore, in an attempt to collect the alleged mortgage debts, the Defendant intentionally and systematically violated the FDCPA.   In fact, both sets of Plaintiffs claim identical § 1692g violations against the Defendant.

If these cases proceed on separate tracks, given the substantial factual and legal overlap, each set of Plaintiffs would be potential pattern and practice witnesses at the trial of the other case.  Indeed, each of these separate trials would go forward with many of the same witnesses on both sides.  The significant time and costs on both sides involved in pre-trial disclosures, trial preparation, and motions practice that will occur shortly in this case would be replicated unnecessarily in the *Moore* case, at the expense of this Court's docket and judicial resources.

## CONCLUSION

For these reasons, and in furtherance of the interests of judicial economy and efficiencies, Plaintiff respectfully moves that this Court transfer this case to the Newport News Division and consolidate it with *Moore*.

Respectfully submitted,
**NATKAI AKBAR,** *individually, and*
*on behalf of all others similarly situated*


_____/s/_____
Matthew J. Erausquin, VSB#65434
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, PC
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    703-273-7770
Fax:    888-892-3512
matt@clalegal.com

Leonard A. Bennett, VSB#37523
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, PC
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Tel:    757-930-3660
Fax:    757-930-3662
lenbennett@cox.net

Dale W. Pittman, VSB#15673
*Counsel for the Plaintiff*
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
112-A W Tabb St
Petersburg, VA 23803-3212
Tel:    804-861-6000
Fax:    804-861-3368
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, VSB#72791
*Counsel for the Plaintiff*
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, Suite 200
Fairfax, VA 22030
Tel:     703-251-5400
Fax:     703-591-9285
kkelly@smillaw.com

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of March, 2012, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification to the following:

Bizhan Beiramee
Bizhan Beiramee, Equire, P.C.
6663 B Old Dominion Drive, 3rd Floor
McLean, Virginia 22101
Tel:     703-483-9600
Fax:    703-483-9599
bbeiramee@beiramee.com

*Counsel for the Defendant*

_____ /s/ _____
Matthew J. Erausquin, VSB#65434
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, PC
1800 Diagonal Road, Suite 600
Alexandria, VA  22314
Tel:     703-273-7770
Fax:    888-892-3512
matt@clalegal.com
